McKlNNEY, J.,
delivered the opinion of the Court.
The defendant was tried,'at the November Term, 1858, of the Circuit Court of Sevier county, upon a presentment against him as overseer of a public road, for neglecting to keep said road in repair.
A special verdict was returned by the jury, finding that the road was out of repair as charged in the presentment; and likewise finding, that the defendant, at the time of his appointment a,s overseer, and also at the time said presentment was made, was over the age of eighteen, but under the age of twenty-one years; and referring the question of law to the Court, whether, by reason of his minority, the defendant was liable to serve as overseer, or subject to prosecution for his failure to perform the duties enjoined upon overseers ? If so, they found him guilty; if not, then,"they found him not guilty.
Upon this verdict the Court discharged the defendant, and the Attorney General, on behalf of the State, prosecuted an appeal in error to this Court.
The simple question is, whether a person under the age of twenty-one years, is subject to be appointed an overseer ?
We think he is. By sec. 1195, of the Code, all free persons, not under the age of eighteen, nor over forty-five, (unless within some one of the exceptions therein stated,) are bound to work on the public roads. The County Court is required to make annual appointments, of overseers of the public roads: but no qualifications, as respects age or otherwise, are prescribed. The overseer must, of course, be a person subject to road duty; and he must likewise be one of the number of persons assigned to work on the particular road. And we perceive no valid objection, in law, to the appointment of any one as overseer, who, by law, is subject to work on the road. There may be obvious prudential reasons for declining to appoint a person of immature years to fill the place of *167 an overseer; but this is a matter intrusted to the discretion of the appointing power.
It is certainly no legal objection to the appointment of a person, under the age of twenty-one, that an overseer is subject to “pains and penalties” for refusing to serve, and for neglect of duty. If he could claim exemption from service, as overseer, on the ground of his minority, for the same reason he might claim to be exempt from road duty altogether, as well as from other public duties and burthens imposed by law on minors as well as adults.
The rule of the common law, which secures to persons under the age of twenty-one years certain privileges and exemptions, is a rule of expediency, subject to be modified or changed, at the pleasure of the Legislature, as public policy may seem to require. Public duties are, and may be enjoined upon minors by positive law, and their observance enforced by forfeitures or penalties; and, in such cases, the minority of the person furnishes no ground of defence. To this extent, the disability, as well as the protection of the common law rule, is removed, and, for the particular purpose, the minor is constituted a person sui juris, and is amenable as such.
And even at the common law, duties and trusts may be imposed on minors; against liability for the due performance of which, non-age constitutes no ground of defence.
The judgment will be reversed, and judgment will be here rendered on the verdict, for a fine of five dollars, and costs of the prosecution.